UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| GREGORY KEITH CLINTON, | ) | CASE NO. 4:25-cv-1363 |
| | ) | |
| Plaintiff, | ) | JUDGE CHARLES E. FLEMING |
| | ) | |
| v. | ) | |
| | ) | |
| FSL ADMINISTRATOR | ) | **MEMORANDUM OPINION AND** |
| COYALESKI, *et al.*, | ) | **ORDER** |
| | ) | |
| Defendants. | ) | |

*Pro se* Plaintiff Gregory Keith Clinton, a federal prisoner at FCI Elkton, filed this *Bivens* action against FSL Administrator Sara Coyaleski and FSL Notary Kayla Miller. (ECF No. 1). For the reasons discussed below, the instant complaint is **DISMISSED**.

I.   **FACTUAL BACKGROUND**

On March 21, 2017, a federal grand jury in the Northern District of West Virginia issued a superseding indictment charging Clinton with one count of felon in possession of a firearm and four counts of drug trafficking. Superseding Indictment, ECF No. 40, *United States v. Clinton*, No. 3:17-cr-5 (N.D. W. Va. Mar. 21, 2017). After proceeding to trial, the jury found Clinton guilty of possession of a firearm convicted felon, in violation of 18 U.S.C. §§ 922(g)(1) and 924(e), possession with intent to distribute cocaine base, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(C), possession with intent to distribute cocaine hydrochloride, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(C), possession of cocaine base, in violation of 21 U.S.C. § 844, and possession of cocaine hydrochloride, in violation of 21 U.S.C. § 844. Verdict, ECF No. 182, *United States v. Clinton*, No. 3:17-cr-5 (N.D. W. Va. Apr. 19, 2018). On August 27, 2018, Clinton was sentenced to a 264-month term of imprisonment to be followed by a five-year term of supervised release.

Judgment, ECF No. 205, *United States v. Clinton*, No. 3:17-cr-5 (N.D. W. Va. Aug. 29, 2018). Clinton is currently serving his sentence at FCI Elkton. (ECF No. 1, PageID #3).

## II. STANDARD OF REVIEW

To survive a dismissal for failure to state a claim, a *pro se* complaint must set forth sufficient factual matter, accepted as true, to state a plausible claim for relief on its face. *Id.* at 471. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. Although detailed factual allegations are not required, the "allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. A pleading that offers legal conclusions or a simple recitation of the elements of a cause of action will not meet this pleading standard. *Iqbal*, 556 U.S. at 678. Even though the standard of review for *pro se* pleadings is liberal, the generous construction afforded *pro se* plaintiffs has limits. *Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996). *Pro se* plaintiffs must still meet basic pleading requirements, and courts are not required to conjure allegations on their behalf or "guess at the nature" of their claims. *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989).

Federal courts are also courts of limited jurisdiction and have a duty to police the boundaries of their jurisdiction in every case. *See* Fed. R. Civ. P. 12(h)(3). A "district court may, at any time, *sua sponte* dismiss a complaint for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure when the allegations of [the] complaint are totally implausible, attenuated, unsubstantial, frivolous, devoid of merit, or no longer open to discussion." *Apple v. Glenn*, 183 F.3d 477, 479 (6th Cir. 1999).

### III. DISCUSSION

Upon review, the Court finds that this action warrants dismissal for failure to state a claim upon which relief may be granted and for lack of subject matter jurisdiction in accordance with *Apple v. Glenn*. Clinton's complaint is largely incomprehensible, difficult to decipher, and does not set forth cogent allegations with respect to either of the defendants. The complaint appears to assert violations of the Second Amendment's right to bear arms, Fourth Amendment's right against unreasonable search and seizure, and Fifth Amendment's right against the taking of private property without just compensation. (ECF No. 1, PageID #3). However, these claims appear related to Clinton's underlying arrest, trial, and conviction, there are no allegations of any conduct or actions taken by the defendants, and there is no indication or logical inference that the defendants have any connection to the asserted claims. To the extent the complaint can be deciphered, it is largely premised on theories that Clinton's federal rights were allegedly violated in connection with his federal criminal conviction or incarceration because he is a "sovereign citizen." (*Id.* at PageID #5, 12–13). In the section of the complaint setting forth the facts underlying his claims, Clinton states that "[t]hose who join a conspiracy take it as found it. Mr. Gregory K. Clinton is a sovereign citizen." (*Id.* at PageID #5). He further states that he seeks "relief of rights of the sovereign" in the amount of "49 million 500 thousand dollars." (*Id.*).

Clinton's claims are premised on the proposition that he is a sovereign citizen and thus the district court that presided over this trial and conviction lacked jurisdiction over him and his conviction and incarceration violate his constitutional rights. This argument lacks any merit. *See United States v. Coleman*, 871 F.3d 470, 476 (6th Cir. 2017) (collecting cases where circuit courts have dismissed complaints based on sovereign citizenship). Courts have routinely rejected arguments based on the theory of sovereign citizenship as frivolous and without extended

3

discussion. *See, e.g.*, *United States v. Sterling*, 738 F.3d 228, 233 n.1 (11th Cir. 2013) ("Courts have been confronted repeatedly by [sovereign citizens'] attempts to delay judicial proceedings and have summarily rejected their legal theories as frivolous."); *United States v. Benabe*, 654 F.3d 753, 767 (7th Cir. 2011) ("We have repeatedly rejected [the defendants'] theories of individual sovereignty, immunity from prosecution, and their ilk."); *Charlotte v. Hansen*, 433 F. App'x 660, 661 (10th Cir. 2011) (rejecting the sovereign citizen theory as having no conceivable validity in American law); *Bey v. McCandless*, No. 1:22-cv-554, 2023 U.S. Dist. LEXIS 56663, at *3 (N.D. Ohio Feb. 28, 2023) (collecting cases), *report and recommendation adopted in relevant part*, 2023 U.S. Dist. LEXIS 55598 (N.D. Ohio Mar. 30, 2023); *Payne v. Klida*, No. 15-cv-14127, 2016 U.S. Dist. LEXIS 14968, at *12–14 (E.D. Mich. Jan. 6, 2016) (citing cases), *report and recommendation adopted* 2016 U.S. Dist. LEXIS 14649 (E.D. Mich. Feb. 8, 2016); *Davis v. McClain*, No. 2:19-cv-3466, 2019 U.S. Dist. LEXIS 194920, at *6–8 (S.D. Ohio Nov. 8, 2019) (collecting cases that reject claims by prisoners that federal or state governments have no jurisdiction over them because they are "sovereign citizens"); *Muhammad v. Smith*, No. 3:13-cv-760, 2014 U.S. Dist. LEXIS 99990, at *6–8 (N.D.N.Y. July 23, 2014) ("Theories presented by . . . sovereign citizen adherents have not only been rejected by the courts, but also recognized as frivolous and a waste of court resources." ) (collecting cases). Simply put, Clinton's arguments and claims are frivolous and there is no basis to conclude that the Northern District of West Virginia lacked jurisdiction over him.

To the extent that Clinton is attempting to challenge his conviction and sentence, it is improper to do so in in a civil rights action. Beginning with *Preiser v. Rodriguez*, 411 U.S. 475, 93 S. Ct. 1827, 36 L. Ed. 2d 439 (1973), federal courts have drawn careful lines between relief properly considered in a habeas corpus action and relief that is proper to a civil rights action under

4

42 U.S.C. § 1983. Since then, "[c]ourts have uniformly held that claims asserted by federal prisoners that seek to challenge their convictions or imposition of their sentence shall be filed in the sentencing court under 28 U.S.C. § 2255." *Charles v. Chandler*, 180 F.3d 753, 755-56 (6th Cir. 1999) (cleaned up); *see also Preiser*, 411 U.S. at 500 ("[W]e hold today that when a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus."). Because Clinton challenges the validity of his criminal conviction and sentence, his claims are generally not cognizable in a civil rights action.

As previously explained to Plaintiff in a prior case before this Court, complaints like this, which are based on meritless rhetoric frequently espoused by self-proclaimed sovereign citizens, are frivolous and warrant summary dismissal "without extended discussion." *See Clinton v. Hon. Gina M. Groh*, No. 4: 25-cv-1279, slip op. at 4–5 (N.D. Ohio Aug. 18, 2025 (citing cases and dismissing case filed by Plaintiff against the judge in his federal criminal case); *Clinton v. Groh*, 2023 U.S. Dist. LEXIS 107525, No. 5:22-cv-230, 2023 U.S. Dist. LEXIS 107525, at *3–6 (N.D. W. Va. June 21, 2023) (overruling Clinton's objections and dismissing his claims against the district court on the basis of judicial immunity); *see also Bey v. Weisenburger*, No. 23-3689, 2024 WL 3912829, at *2 (6th Cir. June 5, 2024) (affirming dismissal of a plaintiff's sovereign citizen claims under *Apple v. Glenn*); *Burnett v. Michigan*, No. 1:24-cv-55, 2024 WL 3721741, at *7 (W.D. Mich June 18, 2024), *report and recommendation adopted*, 2024 WL 3466258 (W.D. Mich. July 19, 2024) (citing cases and recommending dismissal of *pro se* complaint pursuant to *Apple v. Glenn* where a plaintiff contended she possessed special status as a sovereign and was not subject to federal or state laws). Notably, after filing several sovereign citizen-based complaints similar

5

to the one found here, the Northern District of West Virginia declared Clinton a vexatious litigant and enjoined him from filing any new actions unless he paid the full filing fee or provided an affidavit from attorney in good standing in the District "attesting that he or she has reviewed such complaint or petition and that the factual allegations contained therein provide a good-faith basis for venue in this Court." *In re Clinton*, No. 1:22-mc-49, 2022 U.S. Dist. LEXIS 241835, at *1–2 (N.D. W. Va. Dec. 14, 2022).

Given his status as a vexatious litigator in the Northern District of West Virginia, and that this is now at least the fourth case filed in this District where his claims have been summarily dismissed,[1] the Court reiterates its warning, issued to Clinton in Case No. 4:25-cv-1279, that he may be sanctioned by being declared a vexatious litigator and subject to a filing injunction if he files any further complaints in this District based on frivolous theories, including those based on sovereign citizenship. *See Clinton v. Hon. Gina M. Groh*, No. 4: 25-cv-1279, slip op. at 7.

## IV.    CONCLUSION

For the foregoing reasons, Plaintiff's complaint is **DISMISSED** for failure to state a claim and for lack of subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(h)(3) and the Court's authority established in *Apple v. Glenn*. The Court **CERTIFIES**, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

**IT IS SO ORDERED.**

Date: September 23, 2025

_____
**CHARLES E. FLEMING**
**UNITED STATES DISTRICT JUDGE**

---

[1] In addition to *Clinton v. Hon. Gina M. Groh*, No. 4: 25-cv-1279, which this Court dismissed on August 18, 2025, two other actions Plaintiff filed in this District have also already been summarily dismissed. *See Clinton v. United States*, No. 25-cv-1010 (N.D. Ohio Aug. 29, 2025) (Pearson, J.); *Clinton v. Trumble, et al.*, No. 25-cv-1644 (N.D. Ohio Aug. 26, 2025 (Adams, J.).